UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LONNIE MO'NIQUE WILLIAMS-TURNER,<br><br>            Plaintiff,<br><br>      v.<br><br>SYLMAR JUVENILE HALL and MORGAN (Staff)<br><br>            Defendants. | Case No. 2:20-cv-03607-PSG (JDE)<br><br>ORDER TO SHOW CAUSE RE DISMISSAL FOR FAILURE TO TIMELY SERVE PROCESS |

On June 22, 2020, the Court issued an order: (1) finding the First Amended Complaint (Dkt. 10, "FAC") filed by Plaintiff Lonnie Mo'nique Williams-Turner ("Plaintiff") on June 8, 2020, construed liberally, passed the minimal requirements for screening under 28 U.S.C. § 1915A(a) as to the claim asserted against defendant K. Morgan ("Defendant"), the sole defendant named in the FAC, in his individual capacity only; (2) directing the Clerk of Court to prepare a Summons on the FAC directed to Defendant; (3) directing Plaintiff to provide sufficient information about Defendant to permit the United States Marshal ("USM") to serve Defendant; and (4) directing the USM to attempt such service based on the information provided by Plaintiff. Dkt. 12 ("Order"); see also Fed. R. Civ. P. 4(c)(3) (regarding service by USM

for plaintiffs proceeding in forma pauperis). In the Order, the Court advised Plaintiff:

> **[I]t is Plaintiff's responsibility to provide sufficient information for the United States Marshal Service to locate and effect service upon any defendant. If Plaintiff does not provide sufficient information, service may not be completed. Ultimately, it is Plaintiff's responsibility to ensure timely service any and all defendants and a failure to complete service in a timely manner may result in a dismissal of claims against any defendant not timely served.**

Id. at 2. On June 22, 2020, the Clerk issued a Summons on the FAC directed to Defendant. See Dkt. 13. On October 5, 2020, the USM filed a Process Receipt and Return advising the USM was unable locate Defendant at the address provided by Plaintiff. Dkt. 15 ("Return").

Service of process under Rule 4 of the Federal Rules of Civil Procedure requires service of "both the summons and the complaint . . . within the time allowed by Rule 4(m)" to effect proper service. See Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id. The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Id. (citations and

quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir. 1987) (ignorance of Rule 4 is not good cause for untimely service)). Unless service is waived, proofs of service must be provided to the Court. Fed. R. Civ. P. 4(l).

Here, using the date the Clerk issued the Summons as to Defendant as the operative starting date, that is, June 22, 2020, Plaintiff had 90 days, that is, until September 21, 2020, to effect service upon Defendant. No proof of service has been filed reflecting such service, and the USM has advised, by the Return, that service could not be effected upon Defendant based on the information provided by Plaintiff.

As more than 90 days have passed and no proof of service has been filed reflecting proper service of the Summons and FAC upon Defendant under Rule 4, Plaintiff is ORDERED to show good cause in writing within 30 days from the date of this Order why this action should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve process upon Defendant. The Court will, sua sponte, provide Plaintiff until 30 days from the date of this order to effect such proper service upon Defendant and Plaintiff may comply with this order by filing proper proof of such service within 30 days from the date of this order.

Plaintiff is advised that a failure to file a compliant response within 30 days from the date of this Order may result in a dismissal of this action for failure to prosecute, failure to timely serve process, and failure to comply with Court orders.

IT IS SO ORDERED.

Dated: October 07, 2020

_____
JOHN D. EARLY
United States Magistrate Judge